IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| ) | No. 2:13-cr-00227-JFC-1 |
| v. ) | |
| ) | |
| NICHOLAS TROMBETTA, ) | |
| ) | Judge Joy Flowers Conti |
| Defendant. ) | |

**REPLY TO GOVERNMENT OPPOSITION FOR MOTION FOR FURTHER
EXTENSION OF TIME TO FILE PRETRIAL MOTIONS.**

Defendant Nicholas Trombetta, by and through undersigned counsel, respectfully submits this Reply to the Government's Opposition to his Motion for Further Extension of Time to File Pretrial Motions.

1. The government's position with respect to its *Brady* obligations, as set forth in its Opposition, is troubling and contrary to this Court's Rules. Local Criminal Rule 16C states as follows:

> Exculpatory Evidence. **At the time of arraignment, and subject to a continuing duty of disclosure** thereafter, the government **shall** notify the defendant of the existence of exculpatory evidence, and permit its inspection and copying by the defendant.

LCrR 16C (emphasis added). Nothing in the Rule suggests that the government may wait until after a trial date is set and the prosecutors decide to begin their "trial preparation process in earnest" to produce *Brady* material *See* Govt. Opp. at. 5. Rather, the obligations are triggered at the time of arraignment and continue thereafter. The government asserts that it will make a "discretionary" production, apparently unaware of or indifferent to the **mandatory** nature of LCrR 16C.

2. Thus far, we are aware of at least one instance where the government has intentionally withheld *Brady* materials. The government had in its possession exculpatory information contained in the statements of co-defendant Neal Prence, yet did not disclose such information to Trombetta. When we specifically requested that the government produce those materials to us, the government declined to do so, asserting that Trombetta was not entitled to them.

3. Trombetta respectfully submits that compliance with Local Criminal Rule 16C (as well as the ethical obligations applicable to government prosecutors)[1] requires the government to undertake a comprehensive review and produce *Brady* materials now, not when the prosecutors decide that it is time for them to begin "trial preparation in earnest."

4. The government's position with respect to discovery pursuant to Federal Rule of Criminal Procedure 16 also contravenes this Court's Local Rules. Local Criminal Rule 16B states as follows:

> Timing. Upon a defendant's request, the government **shall** make available the Rule 16 material at the time of the arraignment. If discovery is not requested by the defendant at the time of the arraignment, the government **shall** disclose **such material within seven (7) days of a defendant's request**. The government shall file a receipt with the Court which sets forth the general categories of information subject to disclosure under Rule 16, as well as any exculpatory evidence, and the items provided under each category.

LCrR 16B (emphasis added). As with *Brady* material, nothing in the Rule suggests that the government may wait until a trial date is set and the prosecutors decide to begin their "trial preparation process in earnest" to produce Rule 16 discovery. *See* Govt. Opp. at. 5. While the

---

[1] Government attorneys also have ethical obligations to produce *Brady* materials. Pennsylvania has adopted Rule of Professional Conduct 3.8, entitled "Special Responsibilities of a Prosecutor," which provides that a prosecutor shall "make timely disclosure to the defense of all evidence or information known to the prosecutor that tends to negate the guilt of the accused or mitigates the offense…" Rule 3.8(d).

government has produced terabytes of electronic data,[2] it should not be permitted to defer – to a undetermined date of its choosing – the obligation to make a comprehensive review and timely production of Rule 16 materials in response to Trombetta's request.

The government has admitted in its Opposition that it has not complied with its Rule 16 and *Brady* obligations, and that it does not intend to do so at this stage.  The government's position is unjustifiable, unfair and violates the clear mandate of Local Criminal Rule 16.  Accordingly, Trombetta requests that this Court order the government to comply immediately with its *Brady* and Rule 16 obligations, so that all such materials can be produced and considered prior to the pretrial motions deadline.

                                                  Respectfully submitted,

                                                  <u>s/ Robert A. Salerno</u>
                                                  Adam S. Hoffinger, DC 431711
                                                  Robert A. Salerno, DC 430464
                                                  Schulte Roth & Zabel LLP
                                                  1152 15th Street, N.W.
                                                  Washington, D.C.  20005
                                                  Telephone: (202) 720-7470
                                                  Facsimile: (202) 730-4520
                                                  robert.salerno@srz.com
                                                  adam.hoffinger@srz.com

                                                  *Counsel for Defendant Nicholas Trombetta*

---

[2] The government raises the number of motions for extension that have been submitted to date.  As the Court may recall, many of those requests were necessitated by the **government's delays** in timely production of electronic discovery.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| | ) No. 2:13-cr-00227-JFC-1 |
| v. | ) |
| | ) |
| NICHOLAS TROMBETTA, | ) |
| | ) Judge Joy Flowers Conti |
| Defendant. | ) |

## CERTIFICATE OF SERVICE

I, Robert A. Salerno, counsel for Defendant Nicholas Trombetta, hereby certify that I served the foregoing by causing a copy to be electronically filed with the Clerk of the Court using the CM/ECF system, which shall send notification of such filing to all parties of record.

                                              s/ Robert A. Salerno
                                              Robert A. Salerno
                                              *Counsel for Defendant Nicholas Trombetta*

Dated:  May 8, 2015