**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| | ) | No. 2:13-cr-00227-JFC-1 |
| v. | ) | |
| | ) | |
| NICHOLAS TROMBETTA, | ) | |
| | ) | |
| | ) | Judge Joy Flowers Conti |
| Defendant. | ) | |

**DEFENDANT NICHOLAS TROMBETTA'S MOTION
TO DISMISS COUNT SIX (_KLEIN_ CONSPIRACY)**

Defendant Nicholas Trombetta respectfully requests that this Court issue an order dismissing Count 6 of the Indictment.

Count 6 of the Indictment charges Trombetta with participating in a conspiracy "to defraud the United States" by impeding, impairing, obstructing and defeating "the lawful functions of the Internal Revenue Service of the United States Department of the Treasury in the proper and accurate ascertainment, computation, assessment and collection of revenue, that is, income taxes." The indictment does not allege that the government was actually defrauded of any money or property or suffered any economic loss.

This charge is commonly known as a "_Klein_ conspiracy," based on a 1957 decision by the Second Circuit, _United States v Klein_, 247 F.2d 908 (2d Cir. 1957), and has been applied very broadly by federal prosecutors to encompass "a vast array of conduct." Criminal Tax Manual § 23.07(1)(b) (2001). In recent years, however, the use of _Klein_ conspiracies has faced increased judicial scrutiny, and some federal courts of appeal have cast serious doubt on the continued viability and the validity of the _Klein_ doctrine itself.

In *United States v. Coplan*, 703 F.3d 46 (2d Cir. 2012), the Court recognized that the *Klein* doctrine is not based on any principle of statutory interpretation, but rather is judicially created. The fact that a *Klein* conspiracy "is a common law crime, created by the courts rather than by Congress," the Court noted, "alone warrants considerable judicial skepticism." *Id.* at 61. Defendants in *Coplan* argued that the "defraud" language of 18 U.S.C. § 371 required a deprivation of property rights (which is not alleged in this case). The Second Circuit found the defendants' arguments to be "persuasive" and suggested that they be "properly directed to a higher authority" *Id.* at 62. The *Coplan* Court concluded that only the Supreme Court could redefine the scope of the prohibition on conspiracies to "defraud' the United States, and effectively invited the Supreme Court to do so.

Years before *Coplan*, the Ninth Circuit expressed similar concerns about the breadth of the *Klein* doctrine in *United States v. Caldwell*, 989 F.2d 1056 (9th Cir. 1993). In that case, the Court reversed the conspiracy conviction of a bookkeeper who allegedly helped bank customers avoid paying taxes. The Court strongly criticized the government's "spurious" theory of the conspiracy to defraud, and refused to "lightly infer that in enacting 18 U.S.C. § 371 Congress meant to forbid all things that obstruct the government, or require citizens to do all those things that could make the government's job easier." *Id.* at 1061.

While we are aware that numerous Third Circuit opinions have upheld convictions based on a broad construction of 18 U.S.C. § 371 that includes conspiracies to defraud the government by obstructing the lawful functions of a government agency, we are not aware of any that have considered the challenge to the validity of that construction that the Second Circuit found persuasive in *Coplan*. For the reasons discussed in *Coplan*, Trombetta contends that the *Klein* conspiracy theory is textually unfounded. Recognizing, however, that this Court may feel

constrained to follow the long-standing judicial view of the breadth of the statute, Trombetta respectfully preserves the issue for appeal, if necessary.

## <u>CONCLUSION</u>

For the foregoing reasons, Trombetta respectfully requests that the Court grant the relief requested.

Respectfully submitted,

<u>s/ Robert A. Salerno</u>
Adam S. Hoffinger, DC 431711
Robert A. Salerno, DC 430464
Schulte Roth & Zabel LLP
1152 15th Street, N.W.
Washington, D.C.  20005
Telephone: (202) 720-7470
Facsimile: (202) 730-4520
adam.hoffinger@srz.com
robert.salerno@srz.com

*Counsel for Defendant Nicholas Trombetta*

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| | )   No. 2:13-cr-00227-JFC-1 |
| v. | ) |
| | ) |
| NICHOLAS TROMBETTA, | ) |
| | )   Judge Joy Flowers Conti |
| Defendant. | ) |

**<u>CERTIFICATE OF SERVICE</u>**

I, Robert A. Salerno, counsel for Defendant Nicholas Trombetta, hereby certify that I caused a copy of the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF system, which shall send notification of such filing to all parties of record.


<u>s/ Robert A. Salerno</u>
Robert A. Salerno
*Counsel for Defendant Nicholas Trombetta*

Dated:  July 13, 2015