IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| ) | No. 2:13-cr-00227-JFC-1 |
| v. ) | |
| ) | |
| NICHOLAS TROMBETTA, ) | |
| ) | |
| ) | Judge Joy Flowers Conti |
| Defendant. ) | |

### DEFENDANT NICHOLAS TROMBETTA'S
### MOTION FOR A BILL OF PARTICULARS

Defendant Nicholas Trombetta hereby requests that the Court order the government to file a bill of particulars with respect to certain allegations in the indictment, as set forth below.

Federal Rule of Criminal Procedure 7(f) provides that a court may direct the government to file a bill of particulars. "The purpose of a bill of particulars is 'to inform the defendant of the nature of the charges brought against him, to adequately prepare his defense, to avoid surprise during trial, and to protect him against a second prosecution for an inadequately described offense.'" *United States v. Urban*, 404 F.3d 754, 771 (3d Cir. 2005) (citation omitted). "[M]otions for a bill of particulars should be granted whenever an indictment's failure to provide factual or legal information significantly impairs the defendant's ability to prepare his defense or is likely to lead to prejudicial surprise at trial." *United States v. Rosa*, 891 F.2d 1063, 1066 (3d Cir. 1989).[1] The decision to grant a bill of particulars is left to the sound discretion of the district court. *United States v. Armocida*, 515 F.2d 49, 54 (3d Cir. 1975).

---

[1] As the Third Circuit explained in *Rosa*:
> Prior to 1966, Rule 7(f) limited bills of particulars to those situations in which the moving party demonstrated cause for his request. By amending the rule in 1966 to eliminate the cause requirement, the drafters expressly sought "to

Notwithstanding the length of the indictment, it is lacking in certain important respects. For example, Counts One to Three allege a scheme to defraud involving payments for work performed for out of state companies, but the indictment does not allege who performed the work. Furthermore, although the indictment identifies two out-of-state companies in some of the allegations, it does not allege whether it may be referring to other companies when it uses the generic term "out of state companies."

Similarly, Count Six of the indictment alleges a far-reaching conspiracy involving misreporting of income involving six individuals and two companies. The returns of certain co-conspirators allegedly *overreported* their income while the returns of Trombetta allegedly *underreported* his income, as part of a complex income-shifting arrangement among the participants that is difficult to follow. The indictment lacks basic information such as the amounts allegedly misreported, the alleged true amounts that should have been reported, and the identities of the alleged co-conspirators.

Identification of the alleged co-conspirators is particularly important, as the government will no doubt attempt to introduce statements of co-conspirators at trial.[2] If an unindicted individual is identified for the first time at trial as a co-conspirator, such lack of notice will deny Trombetta the ability to address adequately the admissibility of such statements, which may depend on issues such as when the individual joined the conspiracy, whether the statement at issue was made during the conspiracy, and whether the statement at issue was made in furtherance of the conspiracy. Accordingly, courts frequently order bills of particulars requiring

---

encourage a more liberal attitude by the courts towards bills of particulars without taking away the discretion which courts must have in dealing with such motions in individual cases."

891 F.2d at 1066 (citing Fed. R. Crim. P. advisory committee's note to 1966 amendment).

[2] Trombetta previously asked the government to identify the alleged co-conspirators. In response, the government declined to do so.

identification of co-conspirators – at least as to the co-conspirators who will be government witnesses at trial.[3]

Accordingly, Trombetta respectfully requests that the Court order the government to file a bill of particulars providing the following information, which is necessary to adequately inform him of the nature of the charges, to allow him to prepare his defense, to avoid surprise and disruption during the trial, and to protect him against a second prosecution for an inadequately described offense:

1. With respect to the scheme that is alleged in Counts One to Three of the Indictment:

    a. identification of the payments allegedly made by out of state companies to One2One (Indictment ¶¶ 13, 28, 30);

    b. identification of the employees who provided services to an out of state company in New Mexico (Indictment ¶¶ 13, 14, 19, 28, 30);

    c. identification of the employees who provided services to an out of state company in Ohio. (Indictment ¶¶ 13, 17, 19-21, 23, 25-28, 30); and

    d. identification of the allegedly false and fraudulent invoices (Indictment ¶¶ 22, 24).

2. With respect to the conspiracy that is alleged in Count Six of the Indictment:

---

[3] *See Will v. United States*, 389 U.S. 90, 99 (1967) ("[I]t is not uncommon for the Government to be required to disclose the names of some potential witnesses in a bill of particulars, where this information is necessary or useful in the defendant's preparation for trial."); *see also United States v. Nestor*, Crim. No. 3:09-CR-398, 2010 WL 3191888, at *5 (M.D. Pa. Aug. 11, 2010) ("In determining whether to order disclosure of co-conspirators' identities, there are three interests at play: Defendant's interest in adequately preparing a defense and avoiding unfair surprise at trial, the Government's interest in adequately preparing its case for trial, and the privacy interests of the alleged co-conspirators. Disclosure of the names of co-conspirators whom the Government intends to call as witnesses at trial strikes the proper balance when weighing these interests."); *United States v. Korbe*, No. 02:09-cr-0005, 2010 WL 2404384, at *5 (W.D. Pa. June 10, 2010) (ordering the government "to furnish the names of those co-conspirators known to the government and whom the government will claim participated in the alleged conspiracy"); *United States v. Morris*, Crim. No. 07-20, 2008 WL 5188826, at *17 (W.D. Pa. Dec. 8, 2008) ("[T]he Court directs the government to provide a bill of particulars identifying any unindicted co-conspirators whom the government intends to use as witnesses."); *United States v. Chapple*, Crim. No. 91-111, 1991 WL 330838, at *2 (W.D. Pa. Oct. 24, 1991) ("In striking a prudent balance between the defendant's legitimate interest in securing information concerning the government's case and numerous countervailing considerations . . . the disclosure of the identity and statements of unindicted co-conspirators who the government plans to call as witnesses may be ordered."); *United States v. MacFarlane*, 759 F. Supp. 1163, 1169-70 (W.D. Pa. 1991) (same).

    a.    identification of any unindicted co-conspirator who the government intends to call as a witness at trial;

    b.    identification of the "third parties" that Trombetta allegedly directed to "forward funds" to One2One (Indictment ¶ 60);

    c.    for any income tax return of One2One and/or Elaine Neil that allegedly contained misrepresentations regarding its/her income, identification of the amount that was misrepresented on each return and the alleged true amount of income that should have been represented on each return (Indictment ¶ 61); and

    d.    for any income tax return for the shareholders of Avanti Management Group that allegedly contained misrepresentations regarding their income, identification of the amount that was misrepresented on each return and the alleged true amount of income that should have been represented on each return.  (Indictment ¶ 62).

3.    With respect to Counts Seven through Eleven of the Indictment, which allege that Trombetta's tax returns misrepresented his income in calendar years 2007 through 2011, identification of the alleged true amount of income that should have been reported on each return.

## CONCLUSION

For the foregoing reasons, Defendant Nicholas Trombetta respectfully requests that the Court grant his Motion for a Bill of Particulars and order the government to file a bill of particulars identifying the information requested above.

    Respectfully submitted,

    s/ Robert A. Salerno
    Adam S. Hoffinger, DC 431711
    Robert A. Salerno, DC 430464
    Schulte Roth & Zabel LLP
    1152 15th Street, N.W.
    Washington, D.C.  20005
    Telephone: (202) 720-7470
    Facsimile: (202) 730-4520
    adam.hoffinger@srz.com
    robert.salerno@srz.com

    *Counsel for Defendant Nicholas Trombetta*

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| | ) No. 2:13-cr-00227-JFC-1 |
| v. | ) |
| | ) |
| NICHOLAS TROMBETTA, | ) |
| | ) Judge Joy Flowers Conti |
| Defendant. | ) |

**CERTIFICATE OF SERVICE**

    I, Robert A. Salerno, counsel for Defendant Nicholas Trombetta, hereby certify that I caused a copy of the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF system, which shall send notification of such filing to all parties of record.

                                              s/ Robert A. Salerno
                                              Robert A. Salerno
                                              *Counsel for Defendant Nicholas Trombetta*

Dated:  July 13, 2015