IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>)<br>v.     )<br>)<br>NICHOLAS TROMBETTA,  )<br>)<br>)<br>Defendant.        ) | No. 2:13-cr-00227-JFC-1<br><br><br><br>Judge Joy Flowers Conti |

**DEFENDANT NICHOLAS TROMBETTA'S MOTION
FOR NOTICE OF RULE 404(B) EVIDENCE**

Pursuant to Rule 404(b) of the Federal Rules of Evidence, Defendant Nicholas Trombetta hereby requests that the Court order the government to provide sufficient advance notice of the nature of any crime, wrong, or other act that it intends to offer as evidence at trial.

In a criminal case, a defendant is entitled to reasonable notice of the nature of any evidence of a crime, wrong, or other act that the prosecution intends to introduce at trial, and the prosecution must provide that notice prior to trial. *See* Fed. R. Evid. 404(b). Typically, "[e]vidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b)(1). All such evidence must be excluded "*unless* the proponent can demonstrate that the evidence is admissible for a non-propensity purpose." *United States v. Caldwell*, 760 F.3d 267, 276 (3d Cir. 2014). Proper purposes under Rule 404(b) include "proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2). If the government intends to offer evidence under Rule 404(b), the government must provide Trombetta notice of the purpose for which it intends

to use the evidence in addition to the nature of the acts at issue.  This pretrial notice requirement "is intended to reduce surprise and promote early resolution on the issue of admissibility."  Fed. R. Evid. 404(b) advisory committee's notes to 1991 amendment.

Trombetta previously asked the government to provide notice of any Rule 404(b) evidence it intends to offer.  In response, the government promised to provide notice and materials, if any, "at least 10 days prior to trial."[1]  However, ten days prior to trial is insufficient here.  Given the complexity of this matter, Trombetta respectfully requests that the Court order the government to provide the required notice and materials at least 30 days prior to the commencement of trial.

As the Court is aware based on the proceedings to date, it is likely that any such evidence will involve complex privilege issues and may include statements from alleged unindicted co-conspirators, the admissibility of which is best considered prior to trial.  Thirty days will provide adequate time for Trombetta to consider the issues raised by the government's Rule 404(b) notice and materials and prepare a motion *in limine*, if necessary, and for the Court to rule on such motion *in limine* before trial.  *See* David P. Leonard, *The New Wigmore: A Treatise on Evidence: Evidence of Other Misconduct and Similar Events* § 4.9 (2015) ("Notice permits the opponent to prepare its argument against admission, it generally allows the parties to resolve the issue with *in limine* motions rather than risk polluting the jury, and it allows the opponent an

---

[1] Courts in this district regularly order the government to provide notice of Rule 404(b) evidence *at least* two weeks in advance of trial.  *See e.g.*, *United States v. Moorefield*, Crim No. 14-284, 2015 WL 3879934, at *7 (W.D. Pa. June 23, 2015) ("[T]he government's commitment to provide notice under Rule 404(b) *at least* two weeks prior to trial is consistent with the case law interpreting the rule, and an order will be entered to that effect." (emphasis added)); *United States v. Turner*, No. 2:11-cr-197, 2012 WL 832884, at *4 (W.D. Pa. Mar. 12, 2012) (ordering the government to provide "any 404(b) evidence it intend[ed] to introduce *at least* fourteen (14) days in advance of the commencement of trial" because 14 days "appear[ed] to be reasonable under the circumstances." (emphasis added)); *United States v. Yawson*, Crim. No. 13-271, 2014 WL 3401663, at *4 (W.D. Pa. July 10, 2014) (referencing the government's intention to provide Rule 404(b) notice *at least* two weeks prior to trial); *United States v. Harvey*, No. 02:12-CR-113, 2014 WL 657595, at *11 (W.D. Pa. Feb. 20, 2014) ("[T]he government has represented that it is aware of its obligation [under Rule 404(b)] and will provide such evidence *at least* fourteen (14) days prior to trial." (emphasis added)).  For the reasons stated herein, a deadline at least thirty days prior to trial is necessary in this case.

opportunity to gather evidence to neutralize or minimize the effect of the . . . evidence."); Robert M. Cary, Craig D. Singer & Simon A. Latcovich, *Federal Criminal Discovery* 303-04 (2011) ("[D]isclosure of Rule 404(b) evidence . . . should be far enough in advance of trial to permit the defendant to file a written motion *in limine* to exclude the evidence."). Such notice will also help to avoid unnecessary delays and disruptions during trial.

## CONCLUSION

For the foregoing reasons, Trombetta respectfully requests that the Court order the government to disclose evidence of other crimes, wrongs, or other acts it intends to introduce at trial including, but not limited to, the nature of the offense, the date and place of occurrence, and the purpose for which the government intends to offer any such evidence, at least 30 days before trial.

Respectfully submitted,

s/ Robert A. Salerno
Adam S. Hoffinger, DC 431711
Robert A. Salerno, DC 430464
Schulte Roth & Zabel LLP
1152 15th Street, N.W.
Washington, D.C. 20005
Telephone: (202) 720-7470
Facsimile: (202) 730-4520
adam.hoffinger@srz.com
robert.salerno@srz.com

*Counsel for Defendant Nicholas Trombetta*

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| | ) No. 2:13-cr-00227-JFC-1 |
| v. | ) |
| | ) |
| NICHOLAS TROMBETTA, | ) |
| | ) Judge Joy Flowers Conti |
| Defendant. | ) |

**CERTIFICATE OF SERVICE**

    I, Robert A. Salerno, counsel for Defendant Nicholas Trombetta, hereby certify that I caused a copy of the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF system, which shall send notification of such filing to all parties of record.

                                                     s/ Robert A. Salerno
                                                   Robert A. Salerno
                                                   *Counsel for Defendant Nicholas Trombetta*

Dated:  July 13, 2015