IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| | ) | No. 2:13-cr-00227-JFC-1 |
| v. | ) | |
| | ) | |
| NICHOLAS TROMBETTA, | ) | |
| | ) | |
| | ) | Judge Joy Flowers Conti |
| Defendant. | ) | |

**DEFENDANT NICHOLAS TROMBETTA'S MOTION
REGARDING DISCLOSURE OF JENCKS ACT MATERIALS**

Pursuant to the Jencks Act, 18 U.S.C. § 3500 and Rule 26.2 of the Federal Rules of Criminal Procedure, Trombetta hereby moves for an order with respect to disclosure of Jencks Act materials.

The government has already agreed to make early disclosure of Jencks Act materials. Prior to making this motion, Trombetta asked the government to produce a list of the names and addresses of all witnesses that the government intends to call in its case-in-chief and all statements of those witnesses in the possession, custody, or control of the government or any other government entity, including, but not limited to, notes of interviews, FBI 302s or other summaries prepared by government attorneys or agents, and grand jury transcripts and any other witness statements. Trombetta requested that the government begin producing such material as soon as possible, and in any event complete production no later than 30 days before the start of trial. In response, the government indicated that it intended to provide Jencks Act materials approximately 7-10 days before the start of the trial. However, 7-10 days is not enough in this case.

Considering the complexity of this matter and the length of time that has passed since indictment, Trombetta respectfully submits that production of Jencks Act materials should be completed at least 30 days before trial. That additional time beyond what the government has promised is necessary to adequately prepare to cross-examine the government's witnesses and avoid delays and disruptions at trial.

The need for additional time is particularly true with respect to the government's two confidential informants known to the defense – Brett Geibel and Jane Price – for whom the amount of Jencks Act materials is expected to be voluminous and the need for such materials is critical. Both were intimately involved in events that are alleged in the indictment to be the basis for the charges against Trombetta. Indeed, both were owners of Avanti Management Group, an entity that allegedly was used to funnel income to Trombetta. Both are alleged to have made misstatements on their federal income tax returns. Both have been cooperating with the government's investigation since its inception and have had repeated meetings with government agents and prosecutors. At the direction of the government, both made surreptitious recordings of conversations that are at the heart of this matter and had ongoing contacts with government agents over approximately seven months with respect to those recordings. Indeed, according to the testimony of FBI Special Agent Samantha Bell at the hearing on Trombetta's Motion to Dismiss or Suppress Evidence Due to Government Misconduct ("Misconduct Motion") [Docket No. 68], the informants had contact with government agents *before and after every conversation they recorded*. On information and belief, both have cooperation agreements and at least one has a financial interest in the outcome of this criminal proceeding.

Courts in this jurisdiction routinely encourage the government to make early disclosure of Jencks Act materials to avoid disruptions and delays at trial. *See e.g., U.S. v. Yawson*, No.

CRIM. 13-271, 2014 WL 3401663, at *3 (W.D. Pa. July 10, 2014) ("The court routinely recommends that the government turn over Jencks material no later than two weeks prior to trial"); *United States v. Grier*, No. 2:12-CR-161, 2012 WL 5614087, at *4 (W.D. Pa. Nov. 15, 2012) ("The Court urges the government to disclose the applicable materials as early as practicable (at least one to two (1–2) weeks prior to trial) to avoid potential delays at trial"); *United States v. Turner*, No. 2:11-CR-197, 2012 WL 832884, at *3 (W.D. Pa. Mar. 12, 2012 ("[T]he Court strongly encourages the government to produce all Jencks Act material in sufficient time to avoid delays at trial"). In this complex case in which the amount of Jencks Act material is expected to be voluminous, the Court should strongly encourage production at least 30 days before trial.

## CONCLUSION

For the foregoing reasons, Trombetta respectfully requests that the Court strongly encourage the government to complete its production of Jencks Act materials at least 30 days before trial.

Respectfully submitted,

s/ Robert A. Salerno
Adam S. Hoffinger, DC 431711
Robert A. Salerno, DC 430464
Schulte Roth & Zabel LLP
1152 15th Street, N.W.
Washington, D.C. 20005
Telephone: (202) 720-7470
Facsimile: (202) 730-4520
adam.hoffinger@srz.com
robert.salerno@srz.com

*Counsel for Defendant Nicholas Trombetta*

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| ) | No. 2:13-cr-00227-JFC-1 |
| v. ) | |
| ) | |
| NICHOLAS TROMBETTA, ) | |
| ) | Judge Joy Flowers Conti |
| Defendant. ) | |

**CERTIFICATE OF SERVICE**

I, Robert A. Salerno, counsel for Defendant Nicholas Trombetta, hereby certify that I caused a copy of the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF system, which shall send notification of such filing to all parties of record.

          s/ Robert A. Salerno
          Robert A. Salerno
          *Counsel for Defendant Nicholas Trombetta*

Dated:  July 13, 2015