IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| | ) | No. 2:13-cr-00227-JFC-1 |
| v. | ) | |
| | ) | |
| NICHOLAS TROMBETTA, | ) | |
| | ) | |
| | ) | Judge Joy Flowers Conti |
| Defendant. | ) | |

**DEFENDANT NICHOLAS TROMBETTA'S
MOTION WITH RESPECT TO DISCOVERY**

Defendant Nicholas Trombetta hereby requests that the Court issue an order directing the government to produce the following materials and information by the deadlines set forth below:

**A.    Trial Exhibits**

Trombetta previously asked the government to produce copies of all "books, papers, documents, data, photographs, tangible objects, buildings or places or copies or portions thereof" that the government intends to use at trial in its case in chief. Fed. R. Crim. P. 16(a)(1)(E)(ii). In response, the government stated that it will produce a full set of its trial exhibits reasonably in advance of trial. Given the complexity of this matter, Trombetta asks the Court to direct the government to do so by no later than 45 days prior to trial.[1]

**B.    Transcripts of Audio Recordings**

As the Court is aware, during 2012 the government recorded conversations involving Trombetta and others for approximately six months and intercepted Trombetta's telephone

---

[1] Trombetta reserves the right to make any motions *in limine* that may be appropriate after receipt of the government's trial exhibits, witness lists and/or other information disclosed prior to trial.

conversations for approximately two months. Accordingly, an enormous number of recordings were made that may be used as trial exhibits.

As was clear at the hearing on Motion to Dismiss or Suppress Evidence Due to Government Misconduct ("Misconduct Motion") [Docket No. 68], failure to identify in advance the recordings to be used as exhibits and the transcripts to be offered as listening aids can be enormously disruptive and inordinately delay the proceedings. That is especially true in this case, where the government recorded lawyers, and its use of those recordings as exhibits raises attorney-client privilege issues. The privilege issues, along with other issues relating to the privacy of individuals who were recorded, the accuracy of the transcriptions, etc., are best resolved in advance of trial. Conversely, disclosing such materials well in advance of trial will permit the parties to review them, correct transcription errors, raise privilege issues, protect privacy concerns, and facilitate the parties' reaching stipulations – all of which will make the trial of this matter more efficient.

Any recordings that the government intends to offer at trial must be included in the government's set of trial exhibits, and therefore will have to be produced on the date directed by the Court for production of trial exhibits. With respect to transcripts, the government has indicated that it will produce all transcripts that relate to those recordings reasonably in advance of trial. Trombetta requests that the Court direct the government to produce those transcripts at the same time it produces its trial exhibits – 45 days prior to trial.

C.     **Charts and Summaries**

Pursuant to Federal Rule of Evidence 1006, Trombetta previously requested that the government advise him whether it will seek to offer any chart, summary, or calculation in evidence. The government indicated that this request was premature. Trombetta requests that

the Court direct the government to do so at the same time it produces its trial exhibits – 45 days prior to trial – so that the underlying materials (to the extent not already produced) can be made available and reviewed prior to trial and any issues relating thereto can be resolved.

**D.      Retention of Notes**

In *United States v. Vella*, 562 F.2d 275 (3d Cir. 1977), the Third Circuit adopted the rule that "rough interview notes of [law enforcement officers] should be kept and produced so that the trial court can determine whether the notes should be made available to the [defendant] under the rule in *Brady* or the Jencks Act." *Id.* at 276 (citations omitted). Trombetta respectfully request that the Court order the government to retain all such notes.

**E.      Reports of Examinations and Tests**

Trombetta previously requested that the government produce any reports of examinations and tests pursuant to Rule 16(a)(1)(F). The government has indicated that it does not currently intend to present such evidence at trial.

**F.      Experts**

Trombetta previously requested that the government produce the material required by Rule 16(a)(1)(G) for any expert witnesses that the government intends to use at trial. The government has indicated that it does not currently intend to present expert testimony at trial.

## **CONCLUSION**

Defendant Nicholas Trombetta respectfully requests that the Court grant the relief requested herein.

Respectfully submitted,

s/ Robert A. Salerno
Adam S. Hoffinger, DC 431711
Robert A. Salerno, DC 430464
Schulte Roth & Zabel LLP
1152 15th Street, N.W.
Washington, D.C. 20005
Telephone: (202) 720-7470
Facsimile: (202) 730-4520
adam.hoffinger@srz.com
robert.salerno@srz.com

*Counsel for Defendant Nicholas Trombetta*

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| | ) No. 2:13-cr-00227-JFC-1 |
| v. | ) |
| | ) |
| NICHOLAS TROMBETTA, | ) |
| | ) Judge Joy Flowers Conti |
| Defendant. | ) |

## CERTIFICATE OF SERVICE

    I, Robert A. Salerno, counsel for Defendant Nicholas Trombetta, hereby certify that I caused a copy of the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF system, which shall send notification of such filing to all parties of record.


                                                 s/ Robert A. Salerno
                                                 Robert A. Salerno
                                                 *Counsel for Defendant Nicholas Trombetta*

Dated:  July 13, 2015